480 F.Supp. 789 (1979)
SQUIRT CO., a California Corporation
v.
The SEVEN-UP COMPANY, a Missouri Corporation,
and
Seven-Up U.S.A., Inc., a Missouri Corporation.
Civ. A. No. 18-375C(A).
United States District Court, E. D. Missouri, E. D.
November 23, 1979.
Armstrong, Teasdale, Kramer & Vaughan, Frederick H. Mayer, St. Louis, Mo., Price, Heneveld, Huizenga & Cooper, Daniel Van Dyke, Grand Rapids, Mich., for plaintiff.
Rogers, Eilers & Howell, John M. Howell, Edmund C. Rogers, St. Louis, Mo., for defendants.

JUDGMENT AND ORDER
HARPER, District Judge.
This cause came on to be heard before the Court, sitting without a jury, on May 11 through May 16, and August 7 through August 10, 1978, the Court having heard oral testimony and having considered the evidence and arguments and briefs of counsel.
NOW, THEREFORE, based upon the Findings of Fact and Conclusions of Law adopted by the Court in its Memorandum Opinion of September 6, 1979, it is
ORDERED, ADJUDGED AND DECREED that:
1. The defendants, The Seven-Up Company and Seven-Up U.S.A., Inc., their officers, agents, servants, employees, attorneys, *790 and all persons acting under their control, by, through, under or in active concert or in participation with them, be and hereby are permanently enjoined from using in the United States, its possessions and territories, the trademark QUIRST, or any colorable imitation thereof, or any other designation confusingly similar to plaintiff's trademark SQUIRT, alone or in combination with other words or design, in the manufacture, advertising or sale of soft drinks and related products.
2. The Defendants are ordered within fifteen (15) days after entry of this Order:
a) to notify, in writing, all licensees, franchisees, contract canners, suppliers and others who have entered into agreements with either of the Defendants with respect to the manufacture, distribution, and/or sale of products bearing the mark QUIRST, of entry of this Judgment and Order by providing them with a copy of this Judgment and Order; and
b) to request, in writing, all those so notified 1) to return to Defendants or to destroy at the direction of Defendants and in a manner to be determined by Defendants, all labels, signs, containers, packages, wrappers, and advertising materials in their possession, bearing the mark QUIRST, and 2) to cease further advertisement, manufacture, distribution and/or sale of products bearing the trademark QUIRST.
3. The Defendants make a full report to this Court of their compliance with respect to paragraph 2 above within thirty (30) days of this Order unless an appeal is taken from this Order in which case said report shall be filed thirty (30) days after resolution of such appeal.
4. The issue of damages be stayed through the period for interlocutory appeal, and should appeal be permitted, further stayed pending final resolution on the issue of liability.
5. The Defendants have not tortiously interfered with Plaintiff and its franchisees' contracts, and the Court expressly determining, under Rule 54(b) FRCP, that there is no just reason for delay in entering final judgment, hereby expressly directs that final judgment dismissing plaintiff's count for tortious interference with contractual relationships be entered and the same is hereby entered.
6. This order in the opinion of the Court involves a controlling question of law as to which there is substantial grounds for differences of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation, and it is, therefore, ordered that the defendants herein may make application for appeal under the provision of 28 U.S.C. § 1292(b).